**Alen USENAGIC, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2248–ag.**

United States Court of Appeals, Second Circuit.

Jan. 17, 2007.

Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Maxwell Wood, United States Attorney, Dean S. Daskal, Assistant United States Attorney, Columbus, GA, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Alen Usenagic, a native of Yugoslavia and citizen of Montenegro, seeks review of

a May 1, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Gabriel Videla's November 18, 2004 decision denying Usenagic's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alen Usenagic,* No. A73 551 804 (B.I.A. May 1, 2006), *aff'g* A73 551 804 (Immig. Ct. N.Y. City Nov. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ's reliance on Usenagic's submission of a fraudulent document is central and dispositive to his adverse credibility finding. This Court has held that the submission of inconsistent statements as well as a fraudulent document in support of an asylum application constitute substantial evidence supporting an adverse credibility determination. *Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 156–57 (2d Cir.2006). The BIA has also determined that presentation of a false document in support of an asylum application

can be fatal to the credibility of the applicant. *Matter of O–D–,* 21 I. & N. Dec. 1079, 1083 (BIA 1998). Because the Government's submitted consular and forensics reports indicated that Usenagic's police summons was most likely fraudulent, and Usenagic himself submitted a written, notarized statement admitting that he had created the false police summons and submitted it in support of his asylum application, the IJ was reasonable in concluding that such submission fatally undermined Usenagic's overall credibility. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d at 156–57; *Matter of O–D–,* 21 I. & N. Dec. at 1083.

Because substantial evidence supports the IJ's adverse credibility determination, his denial of asylum was appropriate. Because the petitioner has failed to challenge the IJ's denial of withholding of removal and relief under the CAT in his brief to this Court, any such arguments are waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).